IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

EKATERINA SEVOSTIYANOVA,

   Plaintiff,

    v.

COBB COUNTY OF GEORGIA, et al.,

   Defendants.

CIVIL ACTION FILE
NO. 1:09-CV-2681-TWT

ORDER

This is a pro se civil rights action. It is before the Court on the Plaintiff's Motion to Modify Order [Doc. 111], Motion for Reconsideration of Order Denying Plaintiff's Motion for Summary Judgment [Doc. 112], Plaintiff's Motion for Reconsideration of Order Granting Defendants' Summary Judgment [Doc. 113], and amendments and supplements to these motions [Docs. 115 & 116]. The Plaintiff seeks reconsideration of the Court's July 25, 2011 Order, which dismissed the Plaintiff's claims for violation of her constitutional rights by granting Defendants' Motion for Summary Judgment [Doc. 109]. For the reasons set forth below, the Court DENIES the Plaintiff's motions.

I. Background

On July 14, 2007, Cobb County police officer Horace Howard responded to the report of a car accident in the parking lot at 150 Paces Ferry Road. A witness at the scene told Howard that a driver in a white Ford Taurus hit two parked vehicles in the parking lot and left without notifying the owners or leaving her information. The witness also provided the license plate number of the Taurus. Based on this information, Howard completed a police report, which was forwarded to the hit-and-run unit of the Cobb County Police Department. Officer Christopher Ayers, a hit-and-run investigator, determined that a rental car company owned the Taurus. A representative from the rental car company told Officer Ayers that Ekaterina Sevostiyanova had rented the car that day. Officer Ayers then spoke with Sevostiyanova, who confirmed that she rented the car but denied hitting the other vehicles. Officer Ayers also spoke with a representative from Sevostiyanova's insurance company, who incorrectly told him that Sevostiyanova was uninsured on the day of the accident. Following these conversations, Officer Ayers secured an arrest warrant.

Shortly thereafter, Deputy David Hilsman and Deputy Richard Cunningham of the Cobb County Sheriff's Office went to Sevostiyanova's home to serve the arrest warrant. Before going to her home, the deputies conducted a criminal background

check on Sevostiyanova, which revealed that she had a previous arrest for simple battery. When they arrived at Sevostiyanova's home, Deputy Hilsman knocked on the door while Deputy Cunningham stood by a balcony entrance to prevent Sevostiyanova from fleeing.  Deputy Hilsman knocked several times but received no response. According to the deputies, when Deputy Hilsman left the front door to speak with Deputy Cunningham, they witnessed Sevostiyanova run from the living room into a back room.  Deputy Hilsman then went back to the front door and knocked again. When no one answered, Deputy Cunningham entered the house through the unlocked balcony door and let Deputy Hilsman in through the front door.

Upon entering the house, the deputies saw Sevostiyanova running into another room.  She says that she was scared that the deputies were intruders and was running to the bathroom to get dressed.  The deputies drew their firearms and followed Sevostiyanova into the back of her home.  She remembers the deputies yelling, but does not recall what they said.  According to the deputies, they located her in the bathroom and told her to raise her hands.  She did, and the deputies holstered their firearms and placed her under arrest.  While handcuffing her, the deputies pulled her arms behind her back and, according to Sevostiyanova, "pushed [her] against the wall very hard."  (Sevostiyanova Dep. at 197.)  She says that this aggravated a previous back injury.  At trial, a jury convicted Sevostiyanova of two counts of striking an

unattended vehicle. Following her trial, Sevostiyanova brought this lawsuit against Cobb County and the individual officers involved in her arrest. All parties moved for summary judgment, and the Court denied the Plaintiff's motion and granted the Defendants' motion. The Plaintiff now moves for reconsideration of this Order.

## II. Motions for Reconsideration

Under Local Rule 7.2(E), "[m]otions for reconsideration shall not be filed as a matter of routine practice." N.D. Ga. Local Rule 7.2(E). Motions for reconsideration are not to be filed as a matter of course, but only when "absolutely necessary." Id.; Bryan v. Murphy, 246 F. Supp. 2d 1256, 1258 (N.D. Ga. 2003); see Groover v. Michelin North America, Inc., 90 F. Supp. 2d 1236, 1256 (M.D. Ala. 2000) ("Because litigants cannot be repeatedly called upon to backtrack through the paths of litigation, reconsideration of a previous order is an extraordinary remedy to be employed sparingly.") (internal quotations omitted). Thus, reconsideration should be "reserved for certain limited situations, namely the discovery of new evidence, an intervening development or change in the law, or the need to correct a clear error or prevent a manifest injustice." Deerskin Trading Post, Inc. v. United Parcel Service of America, Inc., 972 F. Supp. 665, 674 (N.D. Ga. 1997). A motion for reconsideration is not an opportunity for a party to reiterate arguments already heard and dismissed to test whether the court will change its mind; nor is it a vehicle to show

the court how it "could have done it better."  Bryan, 246 F. Supp. 2d at 1259; Brogdon ex rel. Cline v. National Healthcare Corp., 103 F. Supp. 2d 1322, 1338 (N.D. Ga. 2000); McCoy v. Macon Water Authority, 966 F. Supp. 1209, 1223 (M.D. Ga. 1997) ("The motion for reconsideration is not an opportunity for a party to improve upon his arguments or try out new arguments; nor is it properly a forum for a party to vent his dissatisfaction with the Court's reasoning.").  Rather, the moving party must present law or facts of such a convincing nature that the court is induced to reverse its prior decision.  McCoy, 966 F. Supp. at 1223 (quoting Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D. Fla. 1994)).

### III.  Discussion

The Plaintiff rehashes the same arguments that she made in her Motion for Summary Judgment [Doc. 85] and in her Response to the Defendants' Motion for Summary Judgment [Doc. 97].  She has not presented any convincing law or facts that would compel this Court to reverse its prior decision.

### IV.  Conclusion

For the reasons set forth above, the Court DENIES the Plaintiff's Motions for Reconsideration.

SO ORDERED, this 18 day of October, 2011.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge