IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

EKATERINA SEVOSTIYANOVA,

   Plaintiff,

     v.

COBB COUNTY OF GEORGIA, et al.,

   Defendants.

CIVIL ACTION FILE
NO. 1:09-CV-2681-TWT

OPINION AND ORDER

This is a false arrest and excessive force case in which the Court granted the individual Defendants' motions for summary judgment on the grounds of qualified immunity. The Eleventh Circuit vacated this Court's grant of summary judgment for Defendant Ayers on the Plaintiff's malicious prosecution claim because "[t]he district court did not address Sevostiyanova's malicious prosecution claim, and the factual findings the district court made do not enable appellate review on this issue." [Doc. 139 at 6]. On Defendant Ayers' Renewed Motion for Summary Judgment, the Court finds that the Plaintiff has not produced any evidence of harm suffered by Ayers' inclusion of charges for driving without insurance and no proof of insurance in the affidavit securing an arrest warrant, because the arrest warrant also included two

counts of hit-and-run, which were supported by probable cause. Because damage to the Plaintiff accused is an element of the claim of malicious prosecution, the Court grants Defendant Ayers' Renewed Motion for Summary Judgment.

## I. Background

On July 14, 2007, Cobb County police officer Horace Howard responded to the report of a car accident in the parking lot at 150 Paces Ferry Road. A witness at the scene told Howard that a driver in a white Ford Taurus hit two parked vehicles in the parking lot and left without notifying the owners or leaving her information. The witness also provided the license plate number of the Taurus. Based on this information, Howard completed a police report, which was forwarded to the hit-and-run unit of the Cobb County Police Department. Officer Christopher Ayers, a hit-and-run investigator, determined that a rental car company owned the Taurus. A representative from the rental car company told Officer Ayers that Ekaterina Sevostiyanova had rented the car that day. Officer Ayers then spoke with Sevostiyanova, who confirmed that she rented the car but denied hitting the other vehicles. Officer Ayers also spoke with a representative from Sevostiyanova's insurance company, who incorrectly told him that Sevostiyanova was uninsured on the day of the accident. Following these conversations, Officer Ayers secured an arrest warrant for two counts of hit-and-run, driving without insurance, and no proof

of insurance. Shortly thereafter, Deputy David Hilsman and Deputy Richard Cunningham of the Cobb County Sheriff's Office went to Sevostiyanova's home to serve the arrest warrant. The state court later *nolle prossed* the insurance-related charges. At trial, a jury convicted Sevostiyanova of two counts of striking an unattended vehicle.[1]

Following her trial, Sevostiyanova brought this lawsuit against Cobb County and the individual officers involved in her arrest. The Court granted the Defendants' Motion for Summary Judgment [Doc. 109]. The Eleventh Circuit affirmed this Court's grant of summary judgment in favor of the individual defendants and Cobb County on the Plaintiff's claims of unlawful arrest, excessive force, and failure to train. The appellate court vacated and remanded on the Plaintiff's malicious prosecution claim.

## II.  Summary Judgment Standard

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

---

[1] The Plaintiff's conviction for this and another hit-and-run incident were affirmed by the Georgia Court of Appeals. Sevostiyanova v. State, 313 Ga. App. 729 (2012), cert. denied, (Georgia Sup. Ct. Jun. 18, 2012), cert. denied, Sevostiyanova v. Georgia, 133 S. Ct. 2393 (U.S. May 20, 2013).

The court should view the evidence and any inferences that may be drawn in the light most favorable to the nonmovant. Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59 (1970). The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986). The burden then shifts to the nonmovant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).

## III.   Discussion

To prove a § 1983 malicious prosecution claim, a plaintiff must show the following: "(1) a criminal prosecution instituted or continued by the present defendant; (2) with malice and without probable cause; (3) that terminated in the plaintiff accused's favor; and (4) caused damage to the plaintiff accused." Wood v. Kesler, 323 F.3d 872, 881-82 (11th Cir. 2003). The Plaintiff has not shown evidence that she suffered damage from being charged with driving without insurance and no proof of insurance. Defendant Ayers secured an arrest warrant for two counts of hit-and-run and the insurance-related charges. The hit-and-run charges were supported by probable cause. Sevostiyanova v. Cobb County, 484 Fed. Appx. 355, 359 n.3 (2012); [Doc. 109]. Probable cause is not negated when the warrant affidavit alleges violations of two statutes and only one of the statutes was applicable when the two

crimes "are in some fashion related." See Smith v. Deering, 880 F. Supp. 816, 826-27 (S.D. Ga. 1994), citing United States v. Ofshe, 817 F.2d 1508, 1513 (11th Cir. 1987); United States v. Atkinson, 450 F.2d 835, 838 (5th Cir. 1971).[2]  "[A]ny claims challenging the validity of the arrest [are] barred." Sevostiyanova, 484 Fed. Appx. at 359 n.3 (citing Heck v. Humphrey, 512 U.S. 77 (1994)).

The Plaintiff was convicted on the hit-and-run charges, and the prosecutor chose not to proceed with the insurance-related charges. The Plaintiff has not produced any evidence that the temporary existence of the insurance-related charges caused any harm, when the arrest was already supported by probable cause of two hit-and-run charges. The Court grants Defendant Ayers' Motion for Summary Judgment on the Plaintiff's malicious prosecution claim.

## IV.  Conclusion

For the reasons stated above, the Court GRANTS Defendant Ayers' Motion for Summary Judgment Consistent with the Eleventh Circuit's Opinion [Doc. 153] and DENIES the Plaintiff's Motion to Dismiss Defendant Ayers' Motion for Summary Judgment and Motion for Sanctions [Doc. 157].

---

[2]The Eleventh Circuit has adopted as binding precedent all decisions of the Fifth Circuit issued prior to the close of business on September 30, 1981. Bonner v. City of Pritchard, 661 F.2d 1206, 1207 (11th Cir. 1981).

SO ORDERED, this 13 day of August, 2013.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge